IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MISSISSIPPI PHOSPHATES CORP.** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV1140 LG-RHW** |
| | § | |
| **FURNACE AND TUBE SERVICE, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

The matter before the Court is the Motion to Dismiss [11] filed by Defendant, Furnace and Tube Service, Inc., pursuant to FED. R. CIV. P. 12(b)(6). Furnace and Tube asserts that Plaintiff's negligence causes of action are barred by the economic loss doctrine. After considering the Motion and Plaintiff's response, it is the Court's opinion that the economic loss doctrine is not applicable in this case. The Defendant's Motion will therefore be denied.

DISCUSSION

The parties contracted for Defendant, Furnace and Tube, to "provide material, labor and equipment to retube the #1 waste heat boiler" on Plaintiff, Mississippi Phosphates Corporation's, ("MPC") premises. The contracted completion date was August 2, 2007, but a series of setbacks resulted in completion occurring about 60 days later. MPC alleges that the delay resulted in lost production and millions of dollars in damages. Am. Compl. 3. MPC brings claims of breach of contract, breach of implied duty of good faith and fair dealing, negligence, negligent supervision, negligent training, and requests a declaratory judgment allowing it to recoup and/or setoff its damages against contractual sums due to Furnace and Tube. *Id*. at 3-6.

Furnace and Tube contends that any cause of action alleged by MPC sounding in negligence should be dismissed for failure to state a claim because the economic loss rule restricts MPC to its remedies in contract. In considering Furnace and Tube's Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

The Fifth Circuit recently examined the applicability of Mississippi's economic loss rule to claims arising from performance of a services contract in *Lyndon Property Insurance Co. v. Duke Levy and Associates*, *LLC*, 475 F.3d 268, 274 (5th Cir. 2007):

> The economic loss rule is a doctrine restricting recovery in products liability to damages for physical harm, thereby excluding recovery for purely economic damages like those alleged here. DLA points to no Mississippi caselaw applying this doctrine outside of the realm of products liability. In this diversity case, we seek to apply the law of Mississippi as we believe the Supreme Court of Mississippi would. *Shanks v. AlliedSignal, Inc.,* 169 F.3d 988, 993 & n. 7 (5th Cir. 1999). We therefore decline to apply the economic loss doctrine to this tort case involving a duty shaped by contract. *See Primrose Operating Co. v. Nat. Am. Ins. Co.,* 382 F.3d 546, 565 (5th Cir. 2004) (quoting *Webb v. City of Dallas,* 314 F.3d 787, 795 (5th Cir. 2002)).

*Id.*

As in *Lyndon Property*, the contract at issue here is for performance of services rather than purchase of a product. Furthermore, none of the claims asserted are in the nature of products liability. The economic loss doctrine is therefore inapplicable and will not bar MPC's negligence claims against Furnace and Tube.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [11] filed by Defendant Furnace and Tube Service, Inc. pursuant to FED. R. CIV. P. 12(b)(6) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE