# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MISSISSIPPI PHOSPHATES CORP.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV1140 LG-RHW** |
| | § | |
| **FURNACE AND TUBE SERV., INC. and** | § | |
| **ANALYTIC STRESS RELIEVING, INC.** | § | **DEFENDANTS** |

## ORDER DENYING DEFENDANT
## ANALYTIC STRESS RELIEVING'S MOTION

BEFORE THE COURT is the Defendant, Analytic Stress Relieving, Inc.'s, Renewed

Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a Remittitur, or

Motion For a New Trial [318]. The Plaintiff, Mississippi Phosphates Corporation, has

responded, and Analytic Stress has replied. After due consideration of the submissions, it is the

Court's opinion that the Motion should be denied in all respects.

### DISCUSSION

Analytic Stress asks the Court to revisit two decisions in this case - one made by the

Court and the other by the jury. If the Court were to do so, the result would be a reduction in

damages from $3,101,506.37 (lost profits plus scaffolding rental charges) to $3,966.37 (only

scaffolding rental charges). In the alternative, Analytic Stress requests a new trial.

1.  *The Admissibility of Dr. Clarke's Expert Testimony*:

Analytic Stress first argues that the Court should have excluded the testimony of Dr.

Kendall Clarke, the Plaintiff's expert on post-weld heat treatment, because he was not qualified

to testify on the standard of care for post-weld heat treatment procedures. The argument Analytic

Stress presses now is the same one the Court has considered on a written pretrial motion and at

trial - that Dr. Clarke's lack of hands-on experience or specialized academic knowledge in heat

treatment disqualifies him as an expert.  The Court found Dr. Clarke's qualifications sufficient to opine as to the post-weld heat treatment procedures used by Analytic Stress in this case.  From the testimony produced during trial, it appears that post-weld heat treatment is not a subject of academic specialty.  Even if it were, "an expert witness is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight."  *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991).

Further, the Court has considered Dr. Clarke's limited practical, hands-on experience with post-weld heat treatment and determined that Dr. Clarke was nonetheless qualified to opine in this case.  A witness:

> can qualify as an expert even though he lacks practical experience, provided that he has received suitable training or education or has otherwise gained the requisite knowledge or skill.  Thus, although the absence of hands-on experience is certainly relevant to the determination whether to accept a witness as an expert, it is not determinative.

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 176-77 (5th Cir. 1990).  The weight attributed to Clarke's opinions was a matter for the jury.  The Court declines to revisit its determination as to Dr. Clarke.  This portion of Defendant's motion will be denied.

2.    *Motion for a Remittitur*:

Analytic Stress contends that Mississippi Phosphates failed to prove that it lost profits, and therefore the jury award of $3,097,540 must be remitted.  There is a strong presumption in favor of affirming a jury award of damages.  The damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice.  *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985).  The

decision to grant or deny a motion for remittitur rests in the sound discretion of the trial judge. *Id*.

A verdict is excessive as a matter of law if shown to exceed "any rational appraisal or estimate of the damages that could be based upon the evidence before the jury," *Brunnemann v. Terra, Int'l, Inc.*, 975 F.2d 175, 177-78 (5th Cir. 1992), or if it is "contrary to right reason" or "entirely disproportionate to the injury sustained." *Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983). That standard is not met here.

Mississippi law requires that damages for lost profits be proved by "reasonable certainty, not based on speculation or conjecture." *Lovett v. Garner*, 511 So. 2d 1346, 1353 (Miss. 1987) (citations omitted). "Reasonable certainty" does not require that all uncertainty be resolved: "'the right to recover is not precluded by uncertainty regarding the exact amount of damages. The evidence need only lay a foundation upon which the trier of fact can form a fair and reasonable assessment of the amount of [the plaintiff's] damages.'" *Fred's Stores of Miss., Inc. v. M&H Drugs, Inc.*, 725 So. 2d 902, 914-15 (Miss. 1998) (quoting *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 462 (5th Cir. 1995)). There was adequate evidence from which the jury could have concluded that Mississippi Phosphates's lost profits were the profits it was unable to realize because of the warped tube sheets. There was testimony, from both the selling and buying side, that Mississippi Phosphates could sell all of the DAP that it produced. Mississippi Phosphates's accountant testified that the plant lost 16 days of production, and that it would have produced enough DAP to earn profits of $3,097,540 during that period of time. Based upon this evidence, the jury could have concluded that Mississippi Phosphates was entitled to $3,097,540 in lost profit as a consequence of the warped tube sheets. The Court finds the verdict is not

excessive as a matter of law. The Defendant's motion for remittitur will be denied.

3.     *Motion for New Trial*:

Analytic Stress contends that errors committed by the Court resulted in an unfair trial. Specifically, the Court did not allow Analytic Stress to present evidence or elicit testimony that Mississippi Phosphates settled its claims against Furnace & Tube Service, thus the jury was uninformed about Furnace & Tube's true status in the case. Further, Analytic Stress was unfairly prejudiced because Furnace & Tube's attorney was allowed to question witnesses and argue the case, which in effect gave Mississippi Phosphates two shots at proving its case.

Federal Rule of Civil Procedure 59 permits a motion for new trial by any party and on all or any of the issues within ten days after judgment is entered. FED. R. CIV. P. 59. The district court may grant a new trial pursuant to this rule "where necessary to 'prevent an injustice.'" *United States v. Flores*, 981 F. 2d 231, 237 (5th Cir. 1993) (quoting *Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 15-16 (5th Cir. 1963). A motion for new trial is addressed to the trial court's discretionary authority, and great latitude is given to the trial court when the motion cites errors in the conduct of trial, because the trial court "occupies the best vantage from which to estimate the prejudicial impact of the error on the jury." *Cruthirds v. RCI, Inc.*, 624 F.2d 632, 635 (5th Cir. 1980). The Fifth Circuit favors the jury verdict and requires that the verdict stand on a motion for new trial, unless when viewing all evidence in the light most favorable to the jury's verdict, the evidence weighs so overwhelmingly in favor of one party that reasonable people could not disagree. *Texas Farm Bureau v. United States*, 53 F.3d 120, 123 (5th Cir. 1995). "[A] judgment should not be set aside except for substantial reasons." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, a new trial is properly granted when the district

court is "reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Laxton v. Gap, Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) (citations omitted).

In making its ruling, the Court was required to weigh the possibility of prejudice from advising the jury of the settlement between Mississippi Phosphates, Furnace & Tube, and Furnace & Tube's insurer, Gray Insurance Company (and therefore the existence of insurance coverage), versus avoiding the insurance coverage issues altogether. The circumstances of this case made a simple application of Mississippi law favoring informing the jury of a settlement fraught with potential prejudice. *See, e.g., Pickering v. Indusria Masina I Traktora (IMT)*, 740 So. 2d 836, 841 (Miss. 1999). Instead, the Court determined that the jury should only be informed that Furnace & Tube was previously a defendant, and that it had assigned its claim against Analytic Stress to Mississippi Phosphates. Thus, the jury heard the evidence without being aware of the insurance coverage aspects of this case. Analytic Stress does not show how this procedure resulted in such jury confusion that the trial was unfair. Further, in the Court's view, it was necessary to allow Furnace & Tube to have separate counsel at trial in order to protect its own interests. The Court finds no prejudicial error requiring a new trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Analytic Stress Relieving, Inc.'s, Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a Remittitur, or Motion For a New Trial [318] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2010.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE